**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | 13-mj-3055-SAG |
| | * | |
| HANEEF ROSS | * | |
| | * | |

\*\*\*\*\*\*

**MEMORANDUM OPINION**

Now pending are three motions: the Defendant's Motion for Court Action on the Filing Deadlines, the Government's Motion to Dismiss, and the Defendant's Motion to Dismiss Information on Ground That Government Conduct Caused Undue Delay in Violation of the Speedy Trial Clause of the Sixth Amendment to the United States Constitution. (ECF Nos. 21, 22, 24). No hearing is deemed necessary. Loc. R. 105.6 (D. Md. 2011). For the reasons set forth below, the Government's motion to dismiss will be GRANTED, and the Defendant's motion to dismiss will be DENIED. Defendant's Motion for Court Action on the Filing Deadlines is DENIED as moot.

**I.   BACKGROUND**

On November 22 and 26, 2013, police at the National Security Agency ("NSA") issued the Defendant citations for, among other things, attempting to enter protected property without proper credentials and engaging in disorderly conduct.[1]   On January 3, 2014, an initial appearance was held. The Defendant refused appointment of counsel and expressed an intent to represent himself. A bench trial was scheduled for March 28, 2014. On March 27, 2014, the Government filed an Information consisting of two counts, both of which were identified by their

---

[1] A co-defendant, John Rouse, was also charged with similar offenses. The Government has moved to dismiss all charges against Mr. Rouse, and that motion was granted on June 2, 2014. *See United States v. John J. Rouse*, 13-mj-3056-SAG (D. Md. June 2, 2014), ECF No. 18.

citation numbers.  The first count, citation number 4314580, charged Defendant with a violation of 32 CFR § 228.13 and stated that, on or about November 18, 2013, Defendant "unlawfully did influence, impede or retaliate against NSA Officer Jayson Myatt by stating... 'There will be consequences' and continued with obscene and vulgar language."  *See* ECF No. 12.  The second count, citation number 4314581, charged Defendant with a violation of 18 U.S.C. § 111 and stated that, on or about November 22, 2013, he "unlawfully did assault NSA Officer Jayson Myatt by refusing to be handcuffed by said officer and shouting obscenities to the officer, while the said officer was in the execution of his duties."  *Id.*  The trial did not proceed as scheduled on March 28, 2014, because the Defendant was in the custody of the state of Maryland on unrelated charges.  The bench trial was therefore rescheduled to May 13, 2014.  *See* ECF No. 14.

On May 12, 2014, the Government filed a Supplemental Information consisting of the same charges, but alleging somewhat different conduct on different dates.  *See* ECF No. 17. With respect to citation number 4314580, the Government alleged that on November 22, 2013 — four days *later* than previously alleged — the Defendant engaged in disorderly conduct by "arguing with and refusing to comply with the orders of NSA Officers Jayson Myatt and Matthew Gezik."  Suppl. Information, ECF No. 17.  Count two, citation number 4314581, alleged that on November 18, 2013 — four days *earlier* than previously alleged — the Defendant "did forcibly intimidate NSA Officers Jayson Myatt and Bryan Morges by making threatening remarks to the officers, while the said officers were in the execution of their official duties."  *Id.*  On the day of trial, the Defendant was held in contempt for obstructionist conduct during the colloquy to determine whether he was capable of self-representation.  Counsel was therefore appointed to represent the Defendant, and immediately moved to dismiss all charges,

alleging violations of the Speedy Trial Act and the speedy trial and notification clauses of the Sixth Amendment.  Def.'s Mot. ¶ 11.  The Court ordered the parties to brief the relevant issues.

On May 23, 2014, the Defendant filed a Motion for Court Action on Filing Deadlines requesting that the Court order the Government to notify the Defendant of its final charging decision.  (ECF No. 21).  Prior to any court action, on May 27, 2014, the Government moved to dismiss all charges against the Defendant, except one.  (ECF No. 22).  On June 9, 2014, the Defendant filed his motion to dismiss all of the charges.  (ECF No. 24).

## II.   ANALYSIS

### A.  Government's Motion to Dismiss

The Government has moved to dismiss all charges, with the exception of citation number 4314580.  *See* ECF No. 22.  Rule 48(a) of the Federal Rules of Criminal Procedure allows the government, with leave of court, to "dismiss an indictment, information, or complaint."  "[T]he court must grant the government's Rule 48(a) motion unless the court concludes that to grant it would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith." *United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000).  "The disservice to the public interest must be found, if at all, in the motive of the prosecutor.  Examples of disservice to the public interest include the prosecutor's acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled." *United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995). The Government has not acted in bad faith and granting its motion would not be contrary to the public interest.  While the Defendant notes that, should the Court grant the Government's motion to dismiss, the Speedy Trial Act would no longer apply to this matter, he makes no argument that the Government's motion should be

denied solely to preserve his Speedy Trial Act claim. Accordingly, finding no bad faith or disservice to the public interest, the Government's motion to dismiss will be granted.

### B. Defendant's Motion to Dismiss

The Sixth Amendment guarantees that, [i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. "To establish a violation of this constitutional guarantee, a defendant must first show that the Amendment's protections have been activated by an 'arrest, indictment, or other official accusation.' " *United States v. Burgess*, 684 F.3d 445, 451 (4th Cir. 2012) (quoting *United States v. Woolfolk*, 399 F.3d 590, 597 (4th Cir. 1995)). The Supreme Court has set forth four factors that courts must balance to determine whether a defendant has been deprived of the Sixth Amendment speedy trial guarantee: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). In order to prevail on his speedy trial claim, the defendant must establish " 'that on balance, [the] four separate factors weigh in his favor.' " *United States v. Hall*, 551 F.3d 257, 271 (4th Cir. 2009) (quoting *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995)).

The first of the four *Barker* factors requires the defendant to meet the threshold showing "that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial delay'…" *Doggett v. United* States, 505 U.S. 647, 651 (1992). If the defendant makes the requisite showing, "the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Id* at 652. In this Circuit, as a general rule and "not a rigid requirement," "any delay of eight months or longer is presumptively prejudicial." *Woolfolk*, 399 F.3d at 598. This case has already reached eight months since charges were filed, and additional

time will elapse prior to a trial.  However, assuming the delay was presumptively prejudicial, the balance of the remaining factors tips in the Government's favor.

The second factor, "the reason the government assigns to justify the delay" is closely related to the first factor.  *Barker*, 407 U.S. at 531.  "Different weights should be assigned to different reasons."  *Id.*  The government's deliberate attempt to delay trial is weighted heavily against it, *see id.*, whereas "delay caused by the defendant weighs against the defendant." *Vermont v. Brillon*, 556 U.S. 81, 90 (2009).  Neutral reasons for delay, such as "negligence or overcrowded courts" weigh less heavily, but are still considered "since the ultimate responsibility for such circumstances rest with the government rather than the defendant." *Barker*, 407 U.S. at 531.

In this case, there is no evidence of any deliberate attempt to delay.  There is no question that the Government has made last minute charging decisions on the eve of both scheduled trials. However, the Defendant's trial would have proceeded in March, just four months after the citations issued, but for the Defendant's incarceration on other charges.  The two periods of moderate delay between the Defendant's initial appearance and his first scheduled trial, and between the first and rescheduled trials, are the result of (1) a crowded court calendar, (2) the need to specially set the Defendant's proceeding due to its anticipated length, and due to the possibility for obstructive behavior in court based on the Defendant's conduct at his initial appearance, and (3) a desire to reset the trial for a time when the Defendant would no longer be incarcerated.  Those delays are weighed less heavily against the Government.  However, the Government is responsible for the present delay, stretching from May 13, 2014 to the date of this opinion, because it resulted from the Government's eleventh hour filing of a Supplemental Information, which, among other issues, cited different dates for the commission of the offenses,

and led the Defendant to raise a violation of his speedy trial rights.  The Government's conduct, though worthy of admonishment, does not outweigh the Defendant's contributions to the overall delay.  Therefore, I find that the second factor weighs in favor of the Government.

The third factor, the Defendant's assertion of the speedy trial right, also tips in the Government's favor.  "[T]he defendant's assertion or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right."  *Barker*, 407 U.S. at 528.  The defendant's assertion of his right to a speedy trial is closely connected to the other factors, such as the length of the delay, the reason for the delay, and the personal prejudice.  *Id.* at 531.  Thus, a defendant's assertion of the right is entitled to "strong evidentiary weight" in the court's determination of whether a defendant is being deprived of the right.  *Id.* at 531–32.  Significantly, the Defendant did not raise his right to a speedy trial until the day of the rescheduled trial in May, approximately six months after the citations were first issued.  At the rescheduled trial, standby counsel was appointed to represent the Defendant.  Prior to that time, the Defendant represented himself.  Courts may "attach different weight to a situation in which the defendant knowingly fails to object…from a situation in which no counsel is appointed."  *Barker*, 407 U.S. at 529.  Here, the lack of counsel to assert the speedy trial right on the Defendant's behalf does not weigh in his favor, because he was offered and expressly declined counsel at his initial appearance.  *See Grimmond*, 137 F.3d at 829 (rejecting defendant's argument that his failure to assert his speedy trial right earlier should not be weighed against him due to lack of counsel, because the defendant did not request counsel on the federal charges, and because he had counsel on pending state charges).  I credit the Defendant for promptly appearing in court for his initial appearance and rescheduled trial, and for urging the Government to move swiftly in its filing of a final charging document.  *See* ECF No. 21.  However, the Defendant's

failure to assert his right to a speedy trial until May, well into the alleged period of undue delay, merits that this factor be weighted in favor of the Government.

The final factor for courts to consider is prejudice.  Prejudice is "assessed in the light of the interests of the defendants, which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 533.  The relevant interests of the defendant are: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired.  *Id.* at 533.  The third factor is the "most serious…because the inability of a defendant to adequately prepare his case skews the fairness of the entire system." *Id.* at 532.  The factors are related and should be considered with other relevant circumstances. *Id.* at 533.  The first interest is irrelevant because the Defendant has not been subject to pretrial incarceration.  The second interest, in minimizing anxiety and concern of the accused, weighs in the Government's favor.  The Defendant's lack of confidence in the government's abilities does not establish a level of anxiety above the normal anxiety that accompanies a trial.  *See Goodson*, 204 F.3d at 516 ("[P]rejudice from anxiety requires more than the normal anxiety that accompanies a trial.") (quoting *United States v. Shepherd*, 511 F.2d 119, 123 (5th Cir. 1975)). Moreover, while the Defendant did not know the exact charges that the Government wished to pursue until March, the Defendant has been in receipt of the citations against him since January, and the general conduct alleged in those citations has not changed.

Finally, the Defendant argues that the Court should presume prejudice for the Government's neglect in prosecuting the case, and that even if the Court does not reach that presumption, he suffered actual prejudice.  Def.'s Mem. 13–16.  Courts may presume prejudice where the government's negligence in bringing a defendant to trial has resulted in excessive delays.  *Doggett*, 505 U.S. at 656–58.  As noted above, the delay in this case cannot be deemed

7

excessive, particularly because of the Defendant's own inability to be present at the first scheduled trial.  The Defendant points to the Information, Supplemental Information, and Motion to Dismiss as instances of government indecision and neglect.  *Id.* at 14–15.  The multiple charging decisions may be viewed as disorganization on the part of the government, but they do not indicate "an uncommonly feeble interest in bringing an accused to justice."  *Doggett*, 505 U.S. at 657.  The Defendant also fails to make an affirmative showing that the delay resulted in any actual prejudice to his ability to present his case.  *See Grimmond*, 137 F.3d at 830 (finding that the defense was not impaired by the delay because the defendant did not identify unavailable witnesses or evidence as a result of the delay, nor did the defendant contend that any exculpatory evidence was lost.) Vague allegations that actual prejudice arose from wasted time, confusion, and loss of confidence in the Government's ability to prosecute his case are not sufficient.

After a careful application of the *Barker* factors, I find, on the whole, that they do not weigh in favor of the Defendant.

**Conclusion**

For the reasons set forth above, the Government's Motion to Dismiss will be granted and the Defendant's Motion to Dismiss will be denied.  The Defendant's Motion for Court Action on Filing Deadlines will be denied as moot.  A separate Order follows.


Dated:   July 21, 2014


_____/s/_____
Stephanie A. Gallagher
United States Magistrate Judge